UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBEN HILL (individually and on the behalf of similarly situated employees), | ) ) ) |
| Plaintiff, | ) Case: 2:23-cv-00333 ) ) |
| v. | ) ) |
| SUPERIOR AIR-GROUND AMBULANCE SERVICE OF INDIANA INC. | ) ) ) |
| -AND- | ) Jury Trial Demanded ) |
| DAVID B. HILL III (individually), | ) ) |
| Defendants. | |

## COMPLAINT

Plaintiff, Roben Hill individually and on the behalf of similarly situated employees ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Superior Air-Ground Ambulance Service of Indiana Inc. and David B. Hill III, individually ("Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons.

2. This lawsuit further arises under the Indiana Minimum Wage Law (Ind. Code § 22-2-2-4) ("IMWL") for Defendant Superior Air-Ground Ambulance Service of Indiana Inc.'s failure to pay minimum wage for all hours worked to Plaintiff, and for Defendant's failure to pay overtime wages to Plaintiff.

3. Plaintiff's consent form to act as representative party plaintiff in this FLSA and IMWL minimum wage case is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5. Venue of this action properly lies in the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II and IV through 28 U.S.C. §1367.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois. Plaintiff worked in Lake County in the State of Indiana.

8. At all times material to the allegations in this Complaint, Defendant, Superior Air-Ground Ambulance Service of Indiana Inc. was a corporation with an Indiana Business ID No. 2009081200311 doing business in and for Lake County in the State of Indiana at the following address:  9835 Express Drive, Highland, IN 46322.

9. At all times material to the allegations in this Complaint, Defendant David B. Hill III conducted business in Lake County in the State of Indiana.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendants as an emergency medical services driver (a non-exempt employee) from on or about January 8, 2023 until she was wrongfully terminated on or about August 15, 2023.

11. Plaintiff's job duties included, but were not limited to, driving emergency medical services vehicles and assisting with the rendering of emergency medical care.

12. Plaintiff performed a specific job which was an integral part of the business of Defendants.

13. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, Ind. Code §§ 22-2-2-1 – 22-2-2-13, due to Defendants' complete and exclusive ability to control Plaintiff's choice of jobs and work schedule, and Defendant's supplying of tools to Plaintiff to complete her job, including a vehicle and uniform.

14. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, Ind. Code §§ 22-2-2-1 – 22-2-2-13.

15. Defendant Superior Air-Ground Ambulance Service of Indiana Inc. was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

17. Defendant David B. Hill III is the President of Defendant Superior Air-Ground Ambulance Service of Indiana Inc.

18. In most if not all work-weeks, Plaintiff was not paid at least minimum wage for all hours worked.

19. In other words, Defendants would not pay Plaintiff her agreed upon pay rate of

3

$12.50 an hour for all hours worked.

20. Plaintiff routinely worked over forty (40) hours or more in a work week.

21. For example, upon information and belief, in the pay period from June 26, 2023 to July 9, 2023 Plaintiff worked a total of eighty eight (88) hours.

22. Upon information and belief, in the pay period from July 10, 2023 to July 23, 2023, Plaintiff worked a total of ninety four (94) hours,

23. Defendants failed to pay Plaintiff time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week during the aforementioned weeks of employment, as well as other weeks of employment.

24. In most if not all work-weeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

25. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) hours within a work week.

26. As a result of these illegal practices, Plaintiff lost money working for the Employer, exacerbating the financial strain she was already experiencing as a result of not being paid minimum wage or overtime hours.

27. Plaintiff engaged in protected activity on numerous occasions to verbally complain to Defendants about when she would be paid and why she was not receiving her full paychecks or overtime pay.

28. As a result of the Employer failing to pay Plaintiff her proper wages, she has suffered financial strain, causing emotional stress and mental anguish.

29. Ultimately, on or around August 15, 2023, Plaintiff was wrongfully terminated from her position as an emergency medical services driver.

30. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff asserts her Count III Claim under the FLSA, pursuant to 29 § 216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

32. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Superior Air-Ground Ambulance Service of Indiana Inc. who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

33. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

34. Plaintiff hereby repeats and incorporates paragraphs 1-39 as if set forth fully herein.

35. This count arises from Defendants' Superior Air-Ground Ambulance Service of Indiana Inc. and David B. Hill III's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiff and all other similarly situated employees

5

for all time worked.

36. During the course of her employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

37. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, and were not paid for all hours worked.

38. Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff and all other similarly situated employees worked they were entitled to be compensated at a rate 100% of their regular rate of pay.

39. Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

40. Defendants' failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. §206.

41. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees minimum wage pay for all times worked.

## COUNT II
**Violation of the Indiana Minimum Wage Law – Minimum Wage Violation**
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

42. Plaintiff hereby repeats and incorporates paragraphs 1-39 as if set forth fully herein.

43. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

44. The matters set forth in this Count arise from Defendants' violation of the minimum wage compensation provisions of the IMWL, Ind. Code §§ 22-2-2-1 – 22-2-2-13.

45. Plaintiff brings this action pursuant to Ind. Code §§ 22-2-2-1 – 22-2-2-13, under

which, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the minimum of $7.25 per hour for all work.

46. Defendant violated the IMWL by refusing to compensate Plaintiff for all hours worked.

47. Pursuant to Ind. Code §§ 22-2-2-1 – 22-2-2-13, Plaintiff is entitled to recover her unpaid wages, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

## COUNT III
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

48. Plaintiff hereby repeats and incorporates paragraphs 1-39 as if set forth fully herein.

49. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

50. During the course of her employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

51. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

52. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

53. Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40)

7

hours in individual workweeks.

54. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

### COUNT IV
### Violation of the Indiana Minimum Wage Law – Overtime Wages
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

55. Plaintiff hereby repeats and incorporates paragraphs 1-39 as if set forth fully herein.

56. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

57. The matters set forth in this Count arise from Defendants' violations of the overtime compensation provisions of the IMWL, Ind. Code §§ 22-2-2-1 – 22-2-2-13.

58. Plaintiff brings this action pursuant to Ind. Code §§ 22-2-2-1 – 22-2-2-13. Pursuant to Ind. Code §§ 22-2-2-1 – 22-2-2-13, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff and all similarly situated employees were entitled to be compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

59. Defendant violated the IMWL by refusing to compensate Plaintiff and all similarly situated employees at one and one- half times their normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

60. Pursuant to Ind. Code §§ 22-2-2-1 – 22-2-2-13, Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus prejudgment interest in the amount of two percent (2%) per month of the amount of under payments.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendants as follows:

a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

b. Liquidated damages in an amount equal to the amount of compensation found due;

c. Reasonable attorneys' fees and costs incurred in filing this action; and

d. For such other and further relief as this Court deems appropriate and just.

e. other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 29th day of September 2023.

/s/ *Mohammed Badwan*
**MOHAMMED BADWAN, ESQ.**
IL Bar No.: 6299011
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 – 8188
mbadwan@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

10